IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RAFAEL CARDENAS | § |
| | § |
| Petitioner, | § |
| | § |
| VS. | § |
| | §  NO. 3-06-CV-1898-G |
| NATHANIEL QUARTERMAN, Director | § |
| Texas Department of Criminal Justice, | § |
| Correctional Institutions Division | § |
| | § |
| Respondent. | § |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Rafael Cardenas, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

A jury convicted petitioner of aggravated sexual assault of a child and sentenced him to 40 years confinement. His conviction and sentence were affirmed on direct appeal. *Cardenas v. State*, No. 05-05-00474-CR, 2006 WL 391320 (Tex. App.--Dallas, Feb. 21, 2006, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Cardenas*, No. 65,346-01 (Tex. Crim. App. Aug. 16, 2006). Petitioner then filed this action in federal district court.[1]

---

[1] After this action was filed and docketed as a habeas case under 28 U.S.C. § 2254, petitioner filed a motion to withdraw his application for writ of habeas corpus and replace it with a writ of error coram nobis. Petitioner is not entitled to coram nobis relief for at least two reasons. First, a writ of coram nobis is not available to a prisoner who is still in custody. *See United States v. Castro*, 26 F.3d 557, 559 (5th Cir.), *reh'g denied*, 38 F.3d 759 (5th Cir. 1994). Second, a federal court does not have jurisdiction to grant coram nobis relief with respect to a state conviction. *See Anders v. Quarterman*, No. 3-04-CV-2678-N, 2006 WL 1946398 at *1 n.2 (N.D. Tex. Jul. 13, 2006) (citing cases). Despite petitioner's efforts to recast the nature of this proceeding, the court must consider his claims within the procedural confines of 28 U.S.C. § 2254. *See Whitworth v. Dretke*, No. 3-05-CV-1603-D, 2005 WL 2124135 at *1 (N.D. Tex. Aug. 30, 2005) (citing cases) (section 2254 provides the exclusive remedy for a prisoner in state custody to challenge the validity of his conviction).

II.

In three grounds for relief, petitioner contends that: (1) the evidence was legally and factually insufficient to support his conviction; (2) he was denied due process and equal protection when an alternate juror spoke to the victim's mother in the cafeteria during trial; and (3) the trial court improperly admitted hearsay evidence.

A.

Petitioner contends that there was no evidence or insufficient evidence to support his conviction because the state failed to prove its case beyond a reasonable doubt. Respondent counters that this claim is procedurally barred from federal habeas review.

1.

A federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default. *Sawyer v. Whitley*, 505 U.S. 333, 338, 112 S.Ct. 2514, 2518, 120 L.Ed.2d 269 (1992). The state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). To be an adequate ground for denying relief, the state procedural rule must be strictly or regularly applied to similar claims. *See Hathorn v. Lovorn*, 457 U.S. 255, 262-63, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982); *Johnson v. Puckett*, 176 F.3d 809, 824 (5th Cir. 1999). It is well-settled under Texas law that the sufficiency of the evidence cannot be attacked for the first time on state collateral review. *See Renz v. Scott*, 28 F.3d 431, 432 (5th Cir. 1994); *Ex parte Adams*, 768 S.W.2d 281, 293 (Tex. Crim. App. 1989).[2]

---

[2] Texas law permits a defendant to raise a "no evidence" claim for the first time on collateral review where the conviction is totally devoid of any evidentiary support. *See Ex parte Barfield*, 697 S.W.2d 420, 421 (Tex. Crim. App. 1985); *Ex parte Coleman*, 599 S.W.2d 305, 307 (Tex. Crim. App. 1978). However, where a defendant merely challenges

Petitioner did not challenge the sufficiency of the evidence on direct appeal. Instead, he raised this claim for the first time on state collateral review. The state court found that "[a]pplicant cannot, by way of Application for Writ of Habeas Corpus, challenge the sufficiency of the evidence upon which the conviction . . . is based." (St. Hab. Tr. at 25, ¶ 2). This finding clearly indicates that the court's decision was based on adequate and independent state grounds. Consequently, federal habeas relief is not proper. *Renz*, 28 F.3d at 432.

B.

Next, petitioner contends that he was denied due process and equal protection because Diane Davis, an alternate juror who was discharged from the panel prior to deliberations, spoke to Maricella Muniz, the victim's mother, during the trial. Jury misconduct does not justify federal habeas relief unless it deprived the petitioner of a fair and impartial trial. *See Drew v. Collins*, 964 F.2d 411, 415 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 3044 (1993). Where, as here, a claim of outside influence on the jury panel is brought to the attention of the trial court, "a presumption of prejudice arises . . . and it is incumbent upon the [State] to rebut that presumption at a hearing." *Id.*, quoting *United States v. Webster*, 750 F.2d 307, 338 (5th Cir. 1984), *cert. denied*, 105 S.Ct. 2340 (1985).

Petitioner, through his attorney, orally moved for a mistrial based on a report that Davis and Muniz were seen together by other jurors in the cafeteria during the trial. (*See* SF-V at 36-37). At

---

the sufficiency of the evidence to support a conviction, such a claim must be raised on direct appeal. *See Ex parte Williams*, 703 S.W.2d 674, 679-80 (Tex. Crim. App. 1986). In both his state writ and federal writ, petitioner alleges, without argument, that "there was [sic] no facts that could go to the jury that they could look at the evidence admitted and that they could render a verdict of guilty." (*See* Hab. Pet. at 7, ¶ 20-C; St. Hab. Tr. at 8). Such an argument implicates the sufficiency of the evidence and cannot be litigated under the guise of a "no evidence" claim. *See Gardner v. Dretke*, No. 3-04-CV-1074-G, 2004 WL 2008499 at *1 n.1 (N.D. Tex. Sept. 8, 2004), *rec. adopted*, 2004 WL 2187110 (N.D. Tex. Sept. 28, 2004), *citing Williams*, 703 S.W.2d at 679-80.

a sub rosa hearing on the motion, petitioner's cousin, Maria Cardenas, testified that she observed Davis "having a conversation with three of the jurors in this trial while [Muniz] was present[.]" (SF-VI at 75). Cardenas did not hear the contents of the conversation and did not observe Muniz speak directly to any of the other jurors. (*Id.* at 76). After the jury returned its verdict, the trial judge allowed the prosecutor and defense counsel to examine each juror individually to determine whether they observed any contact or overheard any conversations between Davis and Muniz. One juror, Tammy Adams, saw Davis comfort Muniz in the hallway at the end of the trial after Davis had been released from jury service. (*Id.* at 89). Although Adams questioned the propriety of this contact, it did not affect her deliberations or verdict in the case. (*Id.* at 89-90). None of the jurors, including Adams, overheard any conversations between Davis and Muniz or even saw them together during the trial. (*See id.* at 80-99). Based on this evidence, the trial judge found that "nothing improper occurred" and denied the motion for mistrial. (*Id.* at 100). The Texas Court of Criminal Appeals denied post-conviction relief without explanation.[3]

In order to obtain federal habeas relief, petitioner must rebut the state court findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Grant v. Dretke*, 151 Fed.Appx. 344, 345, 2005 WL 2746785 at *1 (5th Cir. Oct. 25, 2005), *cert. denied*, 126 S.Ct. 2358 (2006), *citing Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001), *cert. denied*, 123 S.Ct. 106 (2002) (presumption of correctness applies to both explicit and implicit findings necessary to state court's determination of mixed questions of law and fact). Petitioner has failed to meet this heavy burden. His unsupported and speculative assertion that "something took place" between Davis and Muniz does not come close to establishing a constitutional violation.

---

[3] Petitioner did not raise a jury misconduct claim on direct appeal.

C.

Finally, petitioner argues that the trial court improperly admitted hearsay testimony. At issue is the testimony of Maricella Muniz, who was asked by the prosecutor on re-direct why Claudia Ortiz, the victim's godmother, did not testify in this case. Muniz said that Ortiz had agreed to testify, but changed her mind after petitioner's uncle, who is the father of Ortiz's children, threatened to keep Ortiz away from her children. (SF-III at 157-58). Even if this testimony should have been excluded as hearsay under Texas law, the misapplication of state procedural rules is not cognizable in a federal habeas proceeding unless the petitioner can establish that the error deprived him of a fair trial. *See Evans v. Thigpen*, 809 F.2d 239, 242 (5th Cir.), *cert. denied*, 107 S.Ct. 3278 (1987); *Mattheson v. King*, 751 F.2d 1432, 1445 (5th Cir. 1985), *cert. dism'd*, 106 S.Ct. 1798 (1986). Petitioner does not allege, much less prove, that the admission of this testimony deprived him of a fair trial or otherwise violated his constitutional rights. This ground for relief is without merit and should be overruled. *See Casillas v. Quarterman*, No. 3-06-CV-1894-M, 2007 WL 1346665 *3 (N.D. Tex. May 8, 2007) (citing cases) (habeas relief warranted only when erroneous admission of evidence played a "crucial, critical [and] highly significant role" in trial).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 2, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE